UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL TESFAMARYAM,<br><br>                          Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE,<br><br>                          Respondent. | Case No.:  3:26-cv-1493-CAB-AHG<br><br>**ORDER TO RESPOND** |

Petitioner Samuel Tesfamaryam Teame ("Petitioner"), proceeding pro se,[1] filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1 ("Petition").] Petitioner claims he has been in immigration custody since April 15, 2025 without an individual merits hearing. [*Id.* at 6.] He argues that his prolonged detention violates the Due Process Clause of the Fifth Amendment. [*Id*. at 2, 6.] He seeks immediate release from detention, or at minimum, an individualized bond hearing. [*Id.* at 7.]

Having reviewed the Petition, the Court finds summary dismissal is unwarranted at this time. *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) ("Summary

---

[1] Petitioner may be interested in contacting Federal Defenders of San Diego to see if a Federal Defender can represent Petitioner in this matter.  The telephone number for Federal Defenders' San Diego Office is 619-234-8467 (Toll Free: 888-614-9867) and the El Centro Office is 760-335-3510 (Toll Free: 877-404-9063).

dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.").

Accordingly, the Court **ORDERS** as follows:

1.      Respondents shall file a response to the Petition by **March 20, 2026**.  The response must address the allegations in the Petition and must include any documents relevant to the determination of the issues raised in the Petition.

2.      Respondents shall serve a copy of the response on Petitioner by **March 23, 2026.**

3.      Petitioner may file a reply by **March 30, 2026**.

4.      To maintain the status quo, Respondents, their officers, agents, servants, employees, attorneys, and other persons who act in concert or participation with Respondents  **SHALL NOT** transfer Petitioner outside of the Southern District of California pending the Court's resolution of the Petition.[2]

5.      The Clerk of Court shall provide the Civil Division of the U.S. Attorney's Office with a copy of the Petition and this Order.

It is **SO ORDERED**.

Dated: March 13, 2026

Hon. Cathy Ann Bencivengo
United States District Judge

---

[2] *See Doe v. Bondi*, Case No. 3:25-cv-805-BJC-JLB, 2025 WL 1870979, at *1 (S.D. Cal. June 11, 2025) ("Federal courts retain jurisdiction to preserve the status quo while determining whether [they have] subject matter jurisdiction over a case and while a petition is pending resolution from the court.") (collecting cases).